UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENA MILLER, | ) |
| Plaintiff(s), | ) ) ) |
| vs. | ) ) Case No. 4:10CV0363 JCH |
| METROPOLITAN SEWER DISTRICT, | ) ) ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand ("Motion"), filed April 28, 2010. (Doc. No. 10). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Defendant, as the party seeking removal and opposing remand, has the burden of establishing federal subject matter jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009); In re Business Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assurance Co., 992 F.2d at 183; Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 139 L. Ed. 2d 753, 118 S. Ct. 852 (1998)).

Federal question jurisdiction, under 28 U.S.C. § 1331, exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal question jurisdiction can also be obtained if the right to relief depends on the resolution of a substantial question of federal law. See Williams v. Ragnone, 147 F.3d 700,

702 (8th Cir. 1998) (citing Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)). However, the plaintiff's well-pleaded complaint controls federal question jurisdiction, not any defense that may be brought by the defendant. Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908). Thus, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." Franchise Tax Bd., 463 U.S. at 10 (emphasis in original).

## DISCUSSION

On January 25, 2010, Plaintiff filed a two count petition ("Petition" or "Pet.") in this matter in the Circuit Court of the City of St. Louis, Missouri. (Pet., Doc. No. 6). In her Petition, Plaintiff alleges race discrimination in violation of the Missouri Human Rights Act ("MHRA") and retaliation in violation of the MHRA. (Pet., ¶¶ 18-25, 27-34). In Count I for race discrimination, Plaintiff alleges that Defendant disciplined her without reason, falsely accused her of making threats, mandated employee counseling, and denied her previously approved leave pursuant to the Family Medical Leave Act ("FMLA"). (Pet., ¶¶ 18-25). In Count II for retaliation, Plaintiff alleges that Defendant failed to address her internal complaints regarding the discrimination. (Pet., ¶ ¶ 27-34). Plaintiff alleges that, as a result of filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"), Defendant lowered Plaintiff's performance evaluation and began to unreasonably screen and criticize her work performance. (Pet., ¶¶ 29-33). Plaintiff also alleges claims for emotional distress and punitive damages. (Pet., ¶¶ 25-26, 34-35).

"Under the 'well-pleaded complaint' doctrine, the plaintiff is the master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law." Horner v. Lee Summit, Mo., No. 09-00820, 2009 U.S. Dist. LEXIS 120890, at *4 (W.D. Mo. Dec. 29, 2009)(citing Caterpillar,

482 U.S. at 392). A complaint that merely references federal law does not justify federal question jurisdiction, as "jurisdiction 'may not be sustained on a theory the plaintiff hasn't advanced.'" Horner, 2009 U.S. Dist. LEXIS 120890, at *4 (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 810 (1986)).

Here, the Plaintiff's Petition does not allege a violation of her FMLA rights, nor is she seeking relief for lost benefits under the FMLA. Plaintiff's claims do not depend on the resolution of whether Plaintiff's FMLA rights were violated, and Plaintiff has not advanced a violation of her FMLA rights as a primary ground for relief. Rather, Plaintiff is asserting common law state claims of race discrimination and retaliatory discharge. Therefore, consistent with other District Courts, the Court determines that Plaintiff's claims do not 'arise under' federal law. See, Horner, 2009 U.S. Dist. LEXIS 120890, at *7; Morthland v. BRP US, Inc., No. 06-CV-01038, 2007 U.S. Dist. LEXIS 19276, at *4-5 (S.D. Ill. Mar. 15, 2007); Belperio v. Cincinnati Bell Telephone Co., No. 1:04-CV-831, 2005 U.S. Dist. LEXIS 11012, at *6-10 (S.D. Ohio June 7, 2005).

In the Response in Opposition to Plaintiff's Motion to Remand by Defendant Metropolitan St. Louis Sewer District ("Response"), Defendant asserts that this Court has federal subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiff's *prima facie* case for discrimination requires, *inter alia*, proof that she suffered an adverse employment action. (Response, Doc. No. 13, p. 3).[1] Defendant argues that, because one of the claimed adverse actions is wrongful denial of FMLA leave, the Court will have to resolve a substantial question of federal law. According to Defendant, Plaintiff could not state a claim of discrimination without the violation of the FMLA. (Response, p. 4 (citing

---

[1]Plaintiff also argued that Defendant failed to assert in its removal documents that this action meets the jurisdictional amount in controversy requirements. (Motion to Remand, p. 3). Defendant, however, correctly points out that the amount in controversy is not a jurisdictional prerequisite for actions removed under 28 U.S.C. §1331. (Response, p. 2).

Mo., ex rel, Jeremiah Jay Nixon v. Axces, Inc., No. 98-0416, 1998 U.S. Dist. LEXIS 23471, at *5 (W.D. Mo. Dec. 16, 1998)).

Plaintiff's claim, however, is not dependent upon her establishing a violation of the FMLA. Rather, the crux of Plaintiff's allegation is discrimination, and the denial of FMLA leave is one of the many instances of discrimination. Thus, the resolution of Plaintiff's claim "does not hinge on any interpretation or application of the FMLA." Belperio, 2005 U.S. Dist. LEXIS 11012, at *9. Defendant's denial of FMLA leave is tangential to Plaintiff's discrimination action and is not necessary for its resolution. The Court finds this case lacks federal subject matter jurisdiction because the claim neither arises under federal law, nor requires resolution of any federal violation.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. No. 10) is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this order.

Dated this 10th day of June, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE